IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                   )
**COREY WHITE,**                    )        **CIVIL ACTION**
        **Plaintiff,**          )
                                  )        **NO. 02-4066**
    v.                            )
                                  )
**POLICE OFFICER BLOCKER, et al.**  )
        **Defendants.**         )
_____ )

**ANSWER OF DEFENDANTS POLICE OFFICER ERIC BLOCKER, POLICE OFFICER MICHAEL IANNACONE, POLICE OFFICER JOSE ROMAN, POLICE OFFICER ALFONSE JOHNSON AND POLICE OFFICER CLAUDIA MCDONALD TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

      Defendants, Police Officer Eric Blocker, Police Officer Michael Iannacone, Police Officer Jose Roman, Police Officer Alfonse Johnson and Police Officer Claudia McDonald, by and through undersigned counsel, hereby answer Plaintiff's Second Amended Complaint with Affirmative Defenses as follows:

      1.      Admitted upon information and belief.

      2-3.      Admitted in part; denied in part. It is admitted that Defendant Police Officers Iannacone, Blocker, Roman, Johnson and McDonald were employed as police officers with the City of Philadelphia Police Department. It is admitted that they are being sued. However, it is averred that any and all allegations directed to Jane Doe and/or other members of the Philadelphia Police Department whose identities are presently unknown require no responsive pleading under the Federal Rules of Civil Procedure at any time before the Defendants are informed of the identity of the persons intended by such descriptions, and therefore all such allegations are denied.

      4-5.      Admitted.

      6.      Admitted in part; denied in part. It is admitted that on or about February 6, 2002 Plaintiff was at or near 60th Street near Greenway Avenue. However, after reasonable investigation, Defendants

are without information sufficient to admit or deny all the other averments contained in paragraph 6, and therefore they are denied.

      7.      Denied.  To the extent paragraph 7 is directed at Defendants, it is untrue, inaccurate and misleading, and therefore it is denied.

      8.      Admitted in part; denied in part.  It is admitted only that Plaintiff was wanted for a parole violation.  However, after reasonable investigation, Defendants are without information sufficient to admit or deny all the other averments contained in paragraph 8, and therefore they are denied.

      9.      Admitted in part; denied in part.  It is admitted only that Defendant Police Officer Iannacone caught up with Plaintiff, who had been running from police.  However, it is denied that Defendant Police Officer Iannacone caught Plaintiff by himself, since Plaintiff resisted arrest and punched Defendant Police Officer Iannacone several times, and then fled.

      10-12.      Denied.  To the extent paragraphs 10 through 12 are directed at Defendants, the averments are untrue, inaccurate and misleading, and therefore they are denied.

      13.      Admitted in part; denied as stated.  It is admitted that Plaintiff was eventually apprehended by Defendants Police Officer Roman and Police Officer McDonald.  It is also averred that the latter officers were assisted in apprehending Plaintiff by Police Officers Blocker, Johnson, and Iannacone, and therefore paragraph 13 is denied as stated.

      14-15.      Denied.  To the extent paragraphs 14 and 15 are directed at Defendants, the averments are untrue, inaccurate and misleading, and therefore they are denied.  Moreover, it is averred that any and all allegations directed to Jane Doe and/or other members of the Philadelphia Police Department whose identities are presently unknown require no responsive pleading under the Federal Rules of Civil Procedure at any time before the Defendants are informed of the identity of the persons intended by such descriptions, and therefore all such allegations are denied.

      16.      Denied.  Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations respecting the injuries, sufferings and/or damages alleged to have been sustained by Plaintiff, and the same are thus accordingly denied.

17. Admitted in part; denied as stated. It is admitted that Plaintiff was charged with aggravated assault, simple assault, recklessly endangering another person and resisting arrest. However, Plaintiff was also charged with possession of a controlled substance, and therefore paragraph 17 is denied as stated.

18. Denied. After reasonable investigation, Defendants are without information sufficient to admit or deny all the averments contained in paragraph 18, and therefore they are denied.

19-20. Denied. To the extent paragraphs 19 and 20 are directed at Defendants, the allegations are untrue, inaccurate and misleading, and therefore they are denied. In addition, Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations respecting the injuries, sufferings and/or damages alleged to have been sustained by Plaintiff, and the same are thus accordingly denied. Moreover, it is averred that any and all allegations directed to Jane Doe and/or other members of the Philadelphia Police Department whose identities are presently unknown require no responsive pleading under the Federal Rules of Civil Procedure at any time before the Defendants are informed of the identity of the persons intended by such descriptions, and therefore all such allegations are denied.

## COUNT I – 42 U.S.C. § 1983
## EXCESSIVE FORCE
## PLAINTIFF V. POLICE OFFICERS IANNACONE, BLOCKER, ROMAN, JOHNSON, AND MCDONALD

21. Defendants incorporate by reference their responses to paragraphs 1 through 20 of Plaintiff's Complaint as though set forth fully at length herein.

22-26. Denied. To the extent paragraphs 22 through 26 are directed at Defendants, the allegations are untrue, inaccurate and misleading, and therefore they are denied. It is denied that any of Defendants violated Plaintiff's constitutional rights. In addition, Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations respecting the injuries, sufferings and/or damages alleged to have been sustained by Plaintiff, and the same are thus accordingly denied. Moreover, it is averred that any and all allegations directed to Jane Doe and/or other members of the Philadelphia Police Department whose identities are presently unknown require no responsive pleading

under the Federal Rules of Civil Procedure at any time before the Defendants are informed of the identity of the persons intended by such descriptions, and therefore all such allegations are denied.

WHEREFORE, Defendants deny that they are liable on the cause of action declared upon them and demand judgment in their favor, plus interest and costs.

### COUNT II – 42 U.S.C. § 1983
### CONSPIRACY
### PLAINTIFF V. POLICE OFFICERS IANNACONE, BLOCKER, ROMAN, JOHNSON, AND MCDONALD

27. Defendants incorporate by reference their responses to paragraphs 1 through 26 of Plaintiff's Complaint as though set forth fully at length herein.

28-33. Denied. To the extent paragraphs 28 through 33 are directed at Defendants, the allegations are untrue, inaccurate and misleading, and therefore they are denied. It is denied that any of Defendants violated Plaintiff's constitutional rights. Moreover, none of Defendants conspired with anyone to deprive, nor did any of them in fact deprive Plaintiff of any of his constitutional rights. In addition, Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations respecting the injuries, sufferings and/or damages alleged to have been sustained by Plaintiff, and the same are thus accordingly denied. It is also averred that any and all allegations directed to Jane Doe and/or other members of the Philadelphia Police Department whose identities are presently unknown require no responsive pleading under the Federal Rules of Civil Procedure at any time before the Defendants are informed of the identity of the persons intended by such descriptions, and therefore all such allegations are denied.

WHEREFORE, Defendants deny that they are liable on the cause of action declared upon them and demand judgment in their favor, plus interest and costs.

### COUNT III – 42 U.S.C. § 1983
### BYSTANDER LIABILITY
### PLAINTIFF V. POLICE OFFICERS IANNACONE, BLOCKER, ROMAN, JOHNSON, AND MCDONALD

34. Defendants incorporate by reference their responses to paragraphs 1 through 33 of Plaintiff's Complaint as though set forth fully at length herein.

35-39.   Denied.  To the extent paragraphs 35 through 39 are directed at Defendants, the allegations are untrue, inaccurate and misleading, and therefore they are denied.  It is denied that any of Defendants violated Plaintiff's constitutional rights.  Moreover, it is averred that any and all allegations directed to Jane Doe and/or other members of the Philadelphia Police Department whose identities are presently unknown require no responsive pleading under the Federal Rules of Civil Procedure at any time before the Defendants are informed of the identity of the persons intended by such descriptions, and therefore all such allegations are denied.

WHEREFORE, Defendants deny that they are liable on the cause of action declared upon them and demand judgment in their favor, plus interest and costs.

**COUNT IV – 42 U.S.C. § 1983**
**ASSAULT AND BATTERY**
**PLAINTIFF V. POLICE OFFICERS IANNACONE, BLOCKER, ROMAN, JOHNSON, AND MCDONALD**

40.   Defendants incorporate by reference their responses to paragraphs 1 through 39 of Plaintiff's Complaint as though set forth fully at length herein.

41-44.   Denied.  To the extent paragraphs 41 through 44 are directed at Defendants, the allegations are untrue, inaccurate and misleading, and therefore they are denied.  In addition, Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations respecting the injuries, sufferings and/or damages alleged to have been sustained by Plaintiff, and the same are thus accordingly denied.  Moreover, it is averred that any and all allegations directed to Jane Doe and/or other members of the Philadelphia Police Department whose identities are presently unknown require no responsive pleading under the Federal Rules of Civil Procedure at any time before the Defendants are informed of the identity of the persons intended by such descriptions, and therefore all such allegations are denied.

WHEREFORE, Defendants deny that they are liable on the cause of action declared upon them and demand judgment in their favor, plus interest and costs.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief can be granted under 42 U.S.C. § 1983.

### SECOND AFFIRMATIVE DEFENSE

To the extent that any state law claims are raised in Plaintiff's Second Amended Complaint, Defendants assert all of the defenses, immunities and limitations of damages available to them under the Pennsylvania Political Subdivision Tort Claims Act, and aver that Plaintiff's remedies under state law are limited exclusively thereto. Act of Oct. 5, 1980, No. 142, P.L. 693, 42 Pa. Cons. Stat. Ann. § 8541 et seq.

### THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity, since at all times material hereto they acted in a manner that was proper, reasonable, lawful and in the exercise of good faith.

WHEREFORE, Defendants deny that they are liable on the cause of action declared upon them and demand judgment in their favor, plus interest and costs.


**DATE:**   December 17, 2003          **BY:**   _____
                                                Peter D. Han
                                                Assistant City Solicitor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                    )
**COREY WHITE,**                    )   CIVIL ACTION
      **Plaintiff,**            )
                                    )   NO. 02-4066
**v.**                              )
                                    )
**POLICE OFFICER BLOCKER, et al.**  )
      **Defendants.**           )
_____ )

### CERTIFICATE OF SERVICE

      I, Peter D. Han, do hereby certify that service of a true and correct copy of Defendants' Answer to Plaintiff's Second Amended Complaint with Affirmative Defenses has been served upon the following individual by regular mail, on this date, December 17, 2003.

**TO:**    Teri B. Himebaugh, Esq.
           220 Stallion Lane
           Schwenksville, PA 19473
           Attorney for Plaintiff

                                                        _____
                                                        Peter D. Han
                                                        Assistant City Solicitor
                                                        City of Philadelphia Law Department
                                                        1515 Arch Street, 14th Floor
                                                        Philadelphia, PA 19102-5397
December 17, 2003                                Attorney for Defendants