## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY WHITE | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO. 02-4066 |
|     V. | : | |
| | : | |
| CITY OF PHILADELPHIA, et. al | : | |
|     Defendants | : | |

## **O R D E R**

**AND NOW**, this _____ day of _____, 2004, good cause having been shown, it is hereby, **ORDERED AND DECREED** that defendant, their counsel, their representatives and witnesses are precluded, directly or indirectly, during opening and closing arguments, examination of witnesses, and argument in any manner whatsoever, from attempting to introduce evidence of Plaintiff, Corey White's prior arrest and/or conviction record, the charges that resulted from the instant arrest and/or Plaintiff's plea related to same; his having incurred a technical violation of parole for leaving his halfway house prior to this incident; any evidence pertaining to a history of drug use by the Plaintiff; and/or reference to the Defendants having allegedly found drugs on the Plaintiff's person after the instant arrest.

                              BY THE COURT:

                              _____
                                          J.

```
TERI B. HIMEBAUGH ESQUIRE
IDENTIFICATION NUMBER: 53603
220 STALLION LANE                    ATTORNEY FOR PLAINTIFF
SCHWENKSVILLE, PA. 19473
(610) 287-0216
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
COREY WHITE                    :     CIVIL ACTION
                               :     NO. 02-4066
       V.                      :
                               :
CITY OF PHILADELPHIA, et. al   :
```

### PLAINTIFF'S MOTION IN LIMINE

For the reasons set forth in the accompanying Memorandum of Law, Plaintiff, Corey White, moves this Honorable Court for an Order precluding Defendant, their counsel, representatives and witnesses from making any mention, directly or indirectly, during opening and closing arguments, examination of witnesses, objections, and arguments or any manner whatsoever, from attempting to introduce evidence of Plaintiff, Corey White's arrest and/or conviction record, the charges that resulted from the instant arrest and/or Plaintiff's plea related to same; Plaintiff's having incurred a technical parole violation for leaving a halfway house well prior to this incident; Plaintiff's history of drug use; and/or reference to the Defendants having allegedly found drugs on the Plaintiff's person after the instant

arrest.

    **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order in the form, which is granted hereto.

Respectfully submitted,

_____
TERI B. HIMEBAUGH, ESQ
ATTORNEY FOR PLAINTIFF

TERI B. HIMEBAUGH ESQUIRE
IDENTIFICATION NUMBER: 53603
220 STALLION LANE                        ATTORNEY FOR PLAINTIFF
SCHWENKSVILLE, PA. 19473
(610) 287-0216

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COREY WHITE                        :    CIVIL ACTION
                                   :    NO. 02-4066
        V.                         :
                                   :
CITY OF PHILADELPHIA, et. al       :


### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
### HIS MOTION IN LIMINE

Plaintiff, by and through counsel of record, Teri B. Himebaugh, Esquire, does hereby submit the following Memorandum of Law in support of his Motion in Limine:

I.  **Plaintiff's Arrest and Conviction Record**

It is believed that at trial, Defendants and their counsel may intend to introduce testimony and exhibits related to Plaintiff's arrest, conviction and/or sentencing record/history. Please see the attached criminal extract, which indicates that while Mr. White has indeed been arrested numerous times previously, the vast majority of those occasions did not result in convictions. (Exhibit A).

Plaintiff was found guilty of simple assault in 1988, and

4

received county probation for Terroristic threats and robbery in 1989. Costs and/or restitution were imposed related to charges of simple assault, burglary and escape in 1989 and 1991. At the time of this arrest he was wanted for a technical parole violation for having previously left his halfway house without permission. He was found not guilty on burglary, criminal trespass and flight charges related to the complaint made on 1/30/02 by Denise Webster, which are related to the basis for the officers stopping Plaintiff on the instant occasion. Plaintiff pled guilty to simple assault and resisting arrest in relation to the charges brought by the Defendant Officers stemming from the instant incident. The charges of aggravated assault, REAP and Possession of a Controlled Substance, which were also brought by the Defendant officers, were withdrawn.

Federal Rule of Civil Procedure 609 entitled **Impeachment of Evidence of Conviction of Crime** states in pertinent part:

> (a) **General Rule.** For the purpose of attacking the credibility of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, *and* evidence that an accused has been convicted of such a crime shall be admitted if the Court determined that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involves dishonesty or false statement, regardless of the punishment. (Emphasis added)

Rule 609(a)(1) clearly requires, before admitting evidence of a prior conviction, that the Court make a determination that the probative value of the evidence outweighs its' prejudicial effect. See Government of the Virgin Islands v. Bedford, 671 F.2d 758, 761 (3rd Cir. 1982). In balancing the prejudicial and probative value, the Court should consider: " (1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; [and] (4) the importance of the credibility of the [witness]." Id. It is Plaintiff's contention that admission of this evidence is not only irrelevant to the issues before the Court but will unjustly prejudice the finder of fact.

To begin with, Defendants should be precluded from making any reference to any arrests, which did not result in a conviction or plea. To do otherwise would to give the incorrect inference that an arrest is the equivalent of a conviction, which legally it is not. In that Plaintiff was not found guilty of those offenses, it would violate his right to the presumption of innocence and would be highly prejudicial to permit the Defendants to admit this type of evidence.

The majority of the above convictions, as well as several other arrests with no disposition on the criminal extract noted, are all well beyond ten years from the date of this incident. Therefore, they are too remote to be probative.

Furthermore, it is not contended by the defense that the reason that Plaintiff was apprehended on the day in question had

anything at all to do with his prior arrests and convictions. With the exception of the 1/30/02 complaint by Denise Webster, there is no relevance to any prior arrest or conviction to the instant claims. The claims currently before the Court deal primarily with the Defendants' unlawful use of force on Plaintiff on that specific occasion only. Similarly, the fact that Plaintiff was wanted at the time of the arrest for a technical parole violation is irrelevant to the Defendants' use of force on him that day.

Fed.R.Evid 403 states that evidence may be excluded if its' probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the finder of fact. In addition to there being no probative value to introduction of this information, there is the very great risk of prejudice.

Defendants wish to introduce this evidence solely to show the finder of fact that Plaintiff is a "bad person" not worthy of their compassion or their verdict regardless of the facts or the law. The Court has a duty to protect a party from questions, which are asked merely to harass, annoy or humiliate the party. <u>U.S. v. Katz</u>, 78 F.Supp. 435, aff. 173 F.2d 116.

II.  **<u>Plaintiff's Drug Use History and/or Possession of Drugs</u>**

It is believed and averred that Defendants may intend to introduce testimony and exhibits at trial, which pertain to Plaintiff's history of drug use and/or the alleged discovery of drugs on his person during the instant arrest. The sole purpose

of doing so would be to attempt to show Plaintiff to the finder of fact in an unfavorable light and to ultimately bias the finder of fact against him.

The specific details of Plaintiff's drug use prior to the day of the incident or after the incident do not go to proving or disproving the claim before the Court that Defendants used excessive force on him on February 6, 2002. Thus, admission of this type of evidence would have no relevance and would be highly prejudicial. Furthermore, it would have the effect of misleading and confusing the finder of fact.

Furthermore, in that the possession of a controlled substance charge, which was brought by the Defendants related to this incident was withdrawn, it would be inappropriate and highly prejudicial to permit the Defendants to make reference at trial to allegedly finding any drugs on Plaintiff.

Respectfully submitted,

_____
TERI B. HIMEBAUGH, ESQ
ATTORNEYS FOR PLAINTIF