**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                            )
**COREY WHITE,**                              )    CIVIL ACTION
       **Plaintiff,**                       )
                                                            )    NO. 02-4066
   **v.**                                              )
                                                            )
**POLICE OFFICER BLOCKER, et al.**   )
       **Defendants.**                    )
_____ )

**ORDER**

    **AND NOW**, this _____ day of _____, 2004, upon consideration of Plaintiff's Motion in Limine and Defendants' Response thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is denied.

    **SO ORDERED:**

_____
Shapiro, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **COREY WHITE,** ) | **CIVIL ACTION** |
|     **Plaintiff,** ) | |
| ) | **NO. 02-4066** |
| **v.** ) | |
| ) | |
| **POLICE OFFICER BLOCKER, et al.** ) | |
|     **Defendants.** ) | |

**RESPONSE OF DEFENDANTS POLICE OFFICER ERIC BLOCKER,
POLICE OFFICER MICHAEL IANNACONE, POLICE OFFICER JOSE ROMAN,
POLICE OFFICER ALFONSE JOHNSON AND POLICE OFFICER CLAUDIA MCDONALD
TO PLAINTIFF'S MOTION IN LIMINE**

Defendants Police Officer Eric Blocker, Police Officer Michael Iannacone, Police Officer Jose Roman, Police Officer Alfonse Johnson and Police Officer Claudia McDonald, by and through undersigned counsel, hereby file this Response to Plaintiff's Motion in Limine. In support of this Response, Defendants rely upon, and incorporate by reference, the Memorandum of Law filed contemporaneously herewith.

**DATE:**   April 20, 2004          **BY:**   _____
                                            Peter D. Han
                                            Assistant City Solicitor

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COREY WHITE,<br>      Plaintiff,<br><br>v.<br><br>POLICE OFFICER BLOCKER, et al.<br>      Defendants. | CIVIL ACTION<br><br>NO. 02-4066 |

**MEMORANDUM OF LAW IN SUPPORT OF THE RESPONSE OF DEFENDANTS POLICE OFFICER ERIC BLOCKER, POLICE OFFICER MICHAEL IANNACONE, POLICE OFFICER JOSE ROMAN, POLICE OFFICER ALFONSE JOHNSON AND POLICE OFFICER CLAUDIA MCDONALD TO PLAINTIFF'S MOTION IN LIMINE**

I. **STATEMENT OF FACTS**

Plaintiff alleges that Defendants, including Police Officers Eric Blocker, Michael Iannacone, Jose Roman, Alfonse Johnson and Claudia McDonald, used excessive force in connection with his arrest on or about February 6, 2002. Plaintiff had been wanted in connection with a reported burglary on or about January 30, 2002, in which he absconded from the scene and from law enforcement officials on that date. Plaintiff also had an outstanding parole violation. Plaintiff, who had been spotted by Defendants on February 6, 2002 in the area of 60th and Greenway in Philadelphia, fled from them and resisted their attempts to lawfully arrest him. It is worth noting that Plaintiff does not challenge the lawfulness of the arrest.

Plaintiff now seeks to exclude evidence of his conviction arising out of the February 6, 2002 incident, including convictions for one count of resisting arrest and two counts of simple assault, all of which he plead guilty to. (See Plaintiff's Motion in Limine, Ex. A; Court History, Ex. B). In addition, Plaintiff seeks to exclude evidence of the alleged burglary that took place on January 30, 2002, and his successful flight that day from law enforcement officials.

3

## II.  LEGAL ARGUMENT

### A. Plaintiff's Prior August 2002 Conviction Arising out of the February 2002 Incident is Admissible for Impeachment Purposes Under Rule 609(a)(1) of the Federal Rules of Evidence

In August of 2002, Plaintiff plead guilty to resisting arrest and two counts of simple assault. (See Plaintiff's Motion in Limine, Ex. A; Court History, Ex. B). Plaintiff committed these crimes in February of 2002, arising out his arrest by Defendants on February 6, 2002, in which Plaintiff now alleges Defendants used excessive force against him. (See Court History, Ex. B).

Rule 609(a)(1) of the Federal Rules of Evidence provides that evidence that a criminal defendant has been convicted of a felony "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused," and that evidence that a witness other than a criminal defendant was convicted of a felony "shall be admitted, subject to Rule 403." Fed. R. Evid. 609(a)(1); United States v. Johnson, 302 F.3d 139, 152 (3d Cir. 2002). Admissibility is subject to Rule 403 of the Federal Rules of Evidence, which states that relevant evidence may be excluded where the probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

Since Plaintiff pled guilty to resisting arrest and two counts of simple assault, which Plaintiff does not dispute, the issue presented here is whether evidence of Plaintiff's 2002 felony convictions is unfairly prejudicial to Plaintiff and whether the danger of such unfair prejudice substantially outweighs the probative value. First, Defendants submit that Plaintiff's 2002 convictions are significantly probative of the central issues in this case. Plaintiff alleges that Defendants used excessive force in his arrest on February 6, 2002. Thus, the case at bar centers around the circumstances of that arrest, and the actions, reasonable or otherwise, taken by both Plaintiff and Defendants. Therefore, evidence that Plaintiff pled guilty to resisting arrest and to two counts of simple assault is necessary to present a complete picture of those circumstances that led to Plaintiff's arrest. See Mellott v. Heemer, 161 F.3d 117, 122 (3d Cir. 1998) (stating excessive force case requires inquiry into severity of crime at issue, whether suspect poses immediate threat to safety of officers or others, and whether he is actively resisting arrest or attempting to

4

evade arrest by flight). Moreover, evidence of the nature of those convictions have a direct bearing on how Defendants conducted themselves in Plaintiff's arrest.

Plaintiff will not be unfairly prejudiced by the introduction of the August 2002 convictions stemming from the February 6, 2002 incident. Moreover, since facts precipitating the convictions are inextricably intertwined with the facts of this civil action, the probative value of the evidence outweighs the risk of unfair prejudice. Finally, this Honorable Court can instruct the jury as needed in order to minimize the degree to which any unfair prejudice that may be found.

> **B. Plaintiff's Prior August 2002 Conviction Arising out of the February 2002 Incident is Also Admissible under Rule 404(b) of the Federal Rules of Evidence**

Prior bad acts are not admissible to prove that a defendant had a propensity for criminal behavior. Fed. R. Evid. 404(a). However, under Rule 404(b) prior convictions are admissible as substantive evidence for several purposes. See Fed. R. Evid. 404(b). Under Rule 404(b), evidence of prior crimes is admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). In this case, evidence of Plaintiff's August 2002 convictions arising out of the February 2002 incident is admissible to show motive. Plaintiff was determined to escape from the police – the fact that Plaintiff pled guilty to resisting arrest and two counts of simple assault attest to that fact.

This lawsuit is about a Plaintiff who took extreme measures to escape the police. The fact that Plaintiff plead guilty to resisting arrest and simple assault attest to that fact. The convictions are also evidence of Plaintiff's motive to file suit against the individuals who are responsible for his having been convicted on these charges. Evidence of these convictions clearly center around the heart of the key issues in this case, since the primary allegations against Defendants concern their alleged excessive use of force in apprehending Plaintiff. Moreover, the probative value of this evidence is not substantially outweighed by any unfair prejudice to the Plaintiff. See discussion infra Part II.A. Indeed, by filing suit, Plaintiff has by necessity brought into the forefront the very fact and nature of his convictions. For these

5

reasons, evidence of Plaintiff's prior August 2002 convictions stemming from the February 6, 2002 incident is also admissible under Rule 404(b).

### C. Plaintiff's Attempt to Exclude Evidence that Plaintiff Was Wanted for Burglary Should Be Rejected

According to Plaintiff's Motion in Limine, Plaintiff seeks to exclude evidence that he was wanted for burglary. There is clearly no argument under Fed. R. Evid. 609, since this is not a prior conviction. Fed. R. Evid. 404 does not apply either, since this is not a prior bad act. The only possible argument would be under general relevancy grounds under Fed. R. Evid 403. However, Plaintiff's status essentially as a fugitive is directly relevant to every key issue in this case. This evidence is probative of why plaintiff was so desperate to escape from the police. Moreover, Plaintiff himself admits that he was essentially a fugitive at the time of his arrest. Plaintiff cannot have his cake and eat it too – he cannot file suit alleging excessive force and withdraw from the jury's consideration the circumstances surrounding his arrest by the police. The jury would be left to their own devices to figure out the rest of the pieces to this puzzle. In fact, Defendants would be severely and unfairly prejudiced, since their defense is that Plaintiff was on the run because he knew an arrest warrant was out on him; in other words, that he was a fugitive. More importantly, Defendants would be unable to explain why they initially attempted to stop and arrest Plaintiff. Plaintiff's Motion in Limine to exclude any reference that Plaintiff was a fugitive from evidence must therefore be denied.

### D. Evidence of Plaintiff's Cocaine Intoxication On or About February 6, 2002, as Reflected in the Medical Records, As Well as Evidence of the Drugs That Were Found in Plaintiff's Possession Is Admissible

Lastly, it appears that Plaintiff seeks to exclude from evidence a secondary diagnosis of cocaine intoxication contained in Plaintiff's medical records. Plaintiff's argument that this is evidence of bad character and is excludable under the Federal Rules of Evidence is totally misplaced. The reference of cocaine intoxication was clearly set forth for purposes of diagnosis and treatment, and as such is considered reliable and trustworthy, and hence admissible under Rule 803(4) of the Federal Rules. See Fed. R. Evid. 803(4); Foy v. Dicks, CIV.A. No. 92-6488, 1996 WL 204432, *1, n. 1 (E.D. Pa. Apr. 23,

6

1996) (stating plaintiff's admission of cocaine and alcohol use was made for purposes of medical treatment and hence was admissible under Rule 803(4)).

Moreover, Plaintiff is seeking to exclude evidence that he was found in possession of crack cocaine on February 6, 2002. Clearly, evidence that crack cocaine was found on his person is highly relevant to the case at bar, since it factors into the circumstances surrounding his arrest by Defendants. See <u>Mellott</u>, <u>supra</u>. For these reasons, Plaintiff's Motion in Limine to preclude the diagnosis of cocaine intoxication contained in Plaintiff's medical records and evidence of his possession of drugs must be denied.

### III.    <u>CONCLUSION</u>

Wherefore, for the foregoing reasons, Defendants Police Officer Eric Blocker, Police Officer Michael Iannacone, Police Officer Jose Roman, Police Officer Alfonse Johnson and Police Officer Claudia McDonald respectfully request this Honorable Court to deny Plaintiff's Motion in Limine.

**DATE:**    April 20, 2004            **BY:**    _____
                                Peter D. Han
                                Assistant City Solicitor

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                        )
**COREY WHITE,**                        )     CIVIL ACTION
     **Plaintiff,**     )
                                        )     NO. 02-4066
**v.**                                  )
                                        )
**POLICE OFFICER BLOCKER, et al.**      )
     **Defendants.**    )
_____  )

### CERTIFICATE OF SERVICE

I, Peter D. Han, do hereby certify that service of a true and correct copy of the Defendants' Response to Plaintiff's Motion in Limine has been served upon the following individuals by regular mail, on the date below.

**TO:**    Teri B. Himebaugh, Esq.
           220 Stallion Lane
           Schwenksville, PA 19473
           Attorney for Plaintiff

**DATE:**  April 20, 2004      **BY:**  _____
                                                             Peter D. Han
                                                             Assistant City Solicitor
                                                             Attorney for Defendants