Teri B. Himebaugh, Esq.
220 Stallion Lane
Schwenksville, PA 19473
PA ID 53603

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COREY WHITE                                          :
           Plaintiff                          :
                                             :
     v.                                      : Civil Action No. 02-CV-04066
                                             :
CITY OF PHILADELPHIA, et. al.    .    :
                                             :
           Defendants                        :

## PLAINTIFF'S PROPOSED CHARGE TO THE JURY

Plaintiff requests that the Court instruct the Jury as follows:

1

# INDEX

Civil Rights Act                                           3
Facts and Circumstances                                   4
Color of State Law                                         5
Deprivation of Rights                                     6
Excessive Force                                           7
Amount of Force                                           8
Application of Force Under the Circumstances              9
Force, Reasonableness at the Moment                      10
Force Factors                                             11
Conspiracy                                               12
Conspiracy, Proof                                        13
Conspiracy and Vicarious Liability                       14
Duty to Prevent Wrongs                                   15
Bystander Liability                                      16
Assault and Battery                                      17
Impeachment of witnesses                                 18
Lawfulness of Arrest                                     19
Testimony of Police officers                             20
Testimony of Inmate Witnesses                            21
Depositions and Interrogatories                          22
Stipulations                                             23
Injuries                                                 24
Damages                                                  25

## CIVIL RIGHTS ACT

The law to be applied in this case is the federal civil rights law, Section 1983 to Title 42 of the United States Code. The law provides that any individual may seek to recover money damages from any person who, under color of state law, has deprived that individual of any of his constitutional rights.

In order to win a lawsuit brought under section 1983, a plaintiff must prove three things by a preponderance of the evidence;

1)    that the defendants were acting under color of state law; and

2)    that the actions of the defendants deprived plaintiff of a constitutional right; and,

3)    that the plaintiff suffered some harm as a result of the defendants' actions.

## FACTS AND CIRCUMSTANCES

In determining what facts and circumstances to take into account, only those known to the Defendants at the time of the incident must be considered.   You must judge and determine whether the Defendants' conduct was objectively reasonable in light of the facts and circumstances confronting them during the course of their arrest of the Plaintiff.

See  Davis v. Little, 851 F.2d 605 (2nd Cir.1988)

4

## COLOR OF STATE LAW

The first element that plaintiff must show by a preponderance of the evidence is that the defendants were "acting under color of state law." With respect to the defendants here, it is undisputed that during the events in question they were acting in their capacity as police officers.

Accordingly, you should find that the first statutory requirement is satisfied.

## DEPRIVATION OF RIGHTS

The second element that the plaintiff must prove is that the defendants deprived him of a constitutional right. The constitutional rights that are at issue in this case are brought under the Fourth Amendment of the Constitution of the United States which provides that "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated. . ."

Plaintiff has alleged that the Defendant officers violated his constitutional rights by using excessive force on him and conspiring against him.

**EXCESSIVE FORCE**

It is the law that a person, even if he is being lawfully arrested, has a constitutional right to be free from excessive and unreasonable use of force by police. Use of excessive force by police violates the provision of the Fourth Amendment just read to you. When a police officer uses excessive force, a plaintiff may recover damages against that police officer under the Civil Rights Act, 42 U.S.C. §1983. Application of force by police officers exceeding that which is reasonable and necessary under the circumstances states a claim under §1983.

See  Amendment 4, *United States Constitution*; <u>Davidson v. O'Lone,</u> 752 F.2d 817, 827 (3rd Cir.1984)

**AMOUT OF FORCE**

The police officer is only authorized to use the *minimum* amount of force necessary to defend himself or effectuate the arrest.  <u>Thompson v. Glick, 481 Fed.2d 1028 (2nd Cir. 1973) cert. denied, 4014 U.S. 1033</u>. (emphasis added<u>)</u>

## APPLICATION OF FORCE UNDER THE CIRCUMSTANCES

Your determination of whether the amount of force used on the Plaintiff by the Defendant officers was reasonable, is an objective one.  A police officer's use of force violates the Constitution if, judging from the totality of the circumstances, the officer used greater force than was reasonably necessary under the circumstances to effectuate the seizure.

You must consider all the circumstances of the case, including:  the severity of the crime; whether Plaintiff posed an immediate threat to the safety of the Defendant officers, and whether the Plaintiff resisted or attempted to evade arrest.  In addition, one of the circumstances that you can take into consideration is the relative size of the Plaintiff and the size and physical condition of the Defendants at the time of incident.  Moreover, your consideration of the reasonableness of the force used must be undertaken "without regard to [the officers'] underlying intent or motivation."

See  Graham v. Connor, 490 U.S. 386, 397 (1989);  Lester v. City of Chicago, 830 F.2d 706, 712 (7th Cir. 1987).

9

**FORCE, REASONABLENESS AT THE MOMENT**

Reasonableness means the standard of reasonableness at the moment force is used.

Events that occurred before the moment at which force is used are not probative of the

reasonableness of the decision to use force.

See  Greenridge v. Ruffin, 927 F.2d 789, 792 (4th Cir. 1991).

## FORCE, FACTORS

The use of any force by officers simply because a suspect is argumentative, contentious, or vituperative, is illegal. Force can only be used to overcome physical resistance or threatened force, and a lack of provocation or need to use force would make any use of force excessive. The use of more force than is necessary or of force for an improper or unjustified purpose is illegal. See Bauer v. Norris, 713 F.2d 408, 412 (8th Cir.1983).

## <u>CONSPIRACY</u>

In order for there to have been a conspiracy between the Defendants there must be: 1) agreement between two or more persons to do an unlawful act or a lawful act by unlawful means; 2) an act by one or more of the conspirators in furtherance of that goal; and 3) injury to Plaintiff. <u>Governors Grove v. Hill</u>, 414 A.2d 1177 (1980).

The law does not demand proof that each conspirator knew the exact limits of the illegal plan or the identity of all the participants in it.  If a person with an understanding of the unlawful scheme joins it on one occasion, that conduct is sufficient to hold him or her liable for conspiracy. One may become a member of a conspiracy without full knowledge of all the details of the conspiracy.  Where two or more persons join in an unlawful enterprise, the acts done and the words spoken during the enterprise are the acts and words of all such persons.

See <u>Chicket -Columbia v. Lipman</u>, 94 A.2d 433 (1953); <u>State v. Biter</u>, 119 A.2d 894 (1956);  <u>Melo v. Hafer</u>, 912 F.2d 628, 638 (3rd Cir.1990).

## CONSPIRACY, PROOF

The existence of a conspiracy does not need to be shown by direct evidence, but can be inferred from the circumstances.  An agreement to conspire need not be explicit.  The agreement need not be in writing.  Conspiracy may be shown by inferences drawn from the nature of the acts complained of, individual and collective interests of the conspirators motives and all surrounding circumstances. Daugherty v. Kessler, 286 A.2d 95 (1972). It is not necessary to show an overt act or that the Defendants actually agreed to a common design and to pursue it by common means; it is only necessary to show by either direct or circumstantial evidence that the Defendants pursued, by their acts, the same object. Blodgett v. State, 310 A.2d 628 (1973).


See Chicket -Columbia v. Lipman, 94 A.2d 433 (1953); State v. Biter, 119 A.2d 894 (1956);  Melo v. Hafer, 912 F.2d 628, 638 (3rd Cir.1990).

## CONSPIRACY AND VICARIOUS LIABILITY

Anyone who commands, directs, advises, encourages, procures, instigates, promotes, controls, aids, or abets a wrongful act by another is regarded by the law as being just as responsible for the wrongful act as the one who actually committed it.

See  Grandstaff  v. City of Borger, 767 F.2d 161, 168 (5th Cir.1985).

14

## <u>DUTY TO PREVENT WRONGS</u>

A police officer has an affirmative legal duty not to permit any other police officer in his or her presence to engage in unconstitutional conduct.  If any police officer witnesses another police officer engaging in unconstitutional conduct, and does not take affirmative steps to prevent such conduct, then the officer who witnesses, but who fails to attempt to prevent such conduct, is liable for the consequences of such conduct.

See  <u>Bruner v. Dunaway</u>, 684 F.2d 422 (6th Cir. 1982).

## BYSTANDER LIABILITY

If a police officer, whether supervisory or not, is present when another police officer violates a citizen's constitutional rights by illegally using excessive force during the course of the arrest, the first officer is liable as a bystander under § 1983 if that officer had reason to know that the person's constitutional rights were being violated and that officer had a realistic opportunity to intervene and prevent the harm from occurring but failed to do so.

See  Skevofilax v. Quigley, 586 F. Supp. 532, 543 (D.N.J. 1984).

## ASSAULT AND BATTERY

In addition to alleging a violation of the civil rights act, plaintiff has alleged that the Defendant officers committed an assault and battery upon him under Pennsylvania law. The law protects the physical integrity of every person from all unnecessary and unwarranted violation or interference.

Any intentional attempt or threat to inflict injury upon the person of another, when coupled with an apparent present ability to do so, and an intentional display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes an "assault." An "assault" may be committed without actually touching, or striking, or doing bodily harm.

Any intentional use of force upon the person of another is a "battery." So the lease intentional touching of the person of another if accompanied by an intentional use or display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes "battery." To constitute a battery it is enough to set in motion willfully a force that in its ordinary course causes injury. Proffitt v. Ricci, 463 a.2d 514 (1983). Body contact is offensive if it would offend a reasonable person's personal sense of dignity.  Respubica v. DeLongchamps, 1 Dallas 111, 1L. Ed. 59; Reinstatement second of torts. No malice or intent to injure is required to establish battery. Monturi v. Englewood Hospital, 588 A. 2d 408 (1991).

If the jury finds that Defendants did assault and/or batter Plaintiff or on the charge of use of excessive force, then it must find in Plaintiff's favor and against Defendant(s) on the charge of assault and battery.

17

**IMPEACHMENT OF WITNESSES/ INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concealing some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## LAWFULNESS OF THE ARREST

Plaintiff has stipulated to the fact that the arrest was lawful. The fact that the Plaintiff was lawfully arrested, however, should not influence and/or impact on your determination of whether or not the Defendant officers used excessive force on him while making that arrest.

## TESTIMONY OF POLICE OFFICERS

This case should be considered and decided by you as an action between person of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.  A police officer's testimony is not made more credible by the fact that he made a valid arrest.

When you consider all the evidence presented in this case, the individual defendants are not to be given any special consideration simply because of their status and employment as police officers. Moreover, their testimony is not to be given greater weight because they are police officers. You are to give the testimony of all parties equal consideration.

## TESTIMONY FROM INMATE WITNESSES

Testimony given by an individual who is incarcerated is entitled to no less weight or credibility due to the fact of the witness having been convicted and incarcerated on an unrelated matter.

**DEPOSITION TESTIMONY AND INTERROGATORIES**

Testimony has been read from depositions. A deposition is testimony taken under oath before trial and preserved in writing. You must consider that testimony as if it had been given here in court.

An interrogatory is a written question asked by one party of another, who must answer it under oath in writing. You must consider interrogatories and the answers thereto just as if the questions had been asked and answered here in court.

## STIPULATIONS OF FACTS

The parties have agreed, or stipulated to certain facts. This means that both sides agree that this is a fact. You must therefore treat this fact as having been proved. The court may take judicial notice of certain facts or events. When the court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the court's declaration as evidence, and regard as proved the fact or event, which has been judicially noticed.

**INJURY**

There is no requirement of permanent or severe physical injury for force by a police officer to constitute a constitutional violation of Plaintiffs' rights. Even a slight injury made be sufficient to establish a constitutional violation.  Norris v. District of Columbia 737, F.2d 1148 (D.C. Cir. 1984); H.C. By Hewett v. Jerard, 786 Fed.2d 1080 (11th cir. 1986).

## DAMAGES

**Compensatory Damages:**

If the jury finds that Defendants violated any of Plaintiff's civil rights, it must award him nominal damages and may additionally award him compensatory damages.  See  Carey v. Piphus, 435 U.S. 247 (1978). The Plaintiff is entitled to be fairly and adequately compensated for all harm he had suffered as a result of the Defendants conduct.  Compensatory damages seek to make the plaintiff whole. The law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You may award compensatory damages for any injury that Plaintiff proves was proximately caused by Defendants wrongful conduct. When actual physical injury has been established, a Plaintiff is entitled to more than nominal damages to compensate him for pain and suffering. Wheatley v. Beetar 637 F.2d 863.

In arriving at the amount of the damage sustained, you may take into account and allow Plaintiff an amount for any physical pain and suffering he has sustained or will sustain in the future which was proximately caused by Defendants' actions.  If you find such pain and suffering, there is no fixed standard as to any amount to be allowed for the same.  That is, to be guided by your judgment. The jury may consider such factors when determining the amount of compensation to be awarded related to the physical injuries as the permanency of the injury and the effect that it has had and/or will continue to have on the Plaintiff's life.

Plaintiff is additionally entitled to be compensated for all medical and legal expenses related to this incident. That includes any medical expenses that he may incur in the future related to these same injuries.

The jury may also compensate the Plaintiff for emotional distress, mental anguish and humiliation, which the jury finds the Plaintiff has and/or will in the future suffer as a result of the Defendants' conduct. The jury may presume that the Plaintiff has suffered the emotional distress, mental anguish and humiliation that would normally result from conduct such as that of the Defendants. This means the jury need not have proof that the Plaintiff suffered any emotional distress, mental anguish or humiliation in order to award him damages for such harm. Osterling v. Frick 284 Pa. 37, 131 A. 250 91925); McAllister v. Pennsylvania Railroad Company, 324 Pa. 65, 197 A. 415 (1936).

The motive and purpose of the Defendants, their belief or knowledge of the falsity of the accusation and the conduct of the Plaintiff are *not* to be considered by you in determining the amount of the *compensatory* damages to which the Plaintiff is entitled. Pennsylvania Standard Civil Jury Instructions.13.07

**Punitive Damages:**

If you find that the Defendant officers used excessive force and/or assaulted and battered the Plaintiff, then you may make an additional award of punitive damages. The law permits the jury, under certain circumstances, to award the Plaintiff punitive damages in order to punish the Defendants or any one of them for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find, by a preponderance of the evidence in this case, that the Plaintiff, is entitled to a verdict for actual or compensatory damages, and you further find that the act or omission of the Defendants, which proximately caused actual injury or damages to the Plaintiff, was maliciously or wantonly or oppressively done, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper as punitive and exemplary damages.

26

An act or a failure to act is "maliciously" done if prompted or accompanied by ill will or spite or grudge, either toward the injured person individually or toward all persons in one or more groups or categories of which the injured person is a member.

An act or a failure to act is "wantonly" done if done with reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or a failure to act is "oppressively" done if done in a way or manner which injures or damages or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or disability or misfortune of another person.

Whether or not to make any award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find from a preponderance of the evidence in the case that the Defendants acts or omissions, which proximately caused actual damage to the Plaintiff were maliciously or wantonly or oppressively done; but you should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award the Plaintiff a verdict for actual or compensatory damages. You should also bear in mind not only the conditions under which, and the purposes for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy or bias or prejudice with respect to any party to the case.

See 3 Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions, Civil*, §85.19 (4th Ed. 1987).

Respectfully submitted,


Teri B. Himebaugh, Esq.
Attorney for the Plaintiff

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he/she has served a copy of Plaintiff's Proposed Jury Charge, Jury Interrogatories and Voir Dire on the following this        th day of May, 2004:

United States District Court (electronically filed)
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19107

Peter Han, Esq.  (first class mail)
Robin Arnold, Esq.
City of Philadelphia Law Department
1515 Arch St. 14th Fl.
Philadelphia, PA 19102

Corey White EB0632 (first class mail)
SCI Retreat
660 State Rt. 11
Hunlock Creek, PA 18621-3136


BY:_____
   Teri B. Himebaugh, Esq.