IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY WHITE, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>POLICE OFFICER BLOCKER, et al. )<br>      Defendants. )<br>) | CIVIL ACTION<br><br>NO. 02-4066 |

**DEFENDANTS POLICE OFFICER ERIC BLOCKER, POLICE OFFICER MICHAEL IANNACONE, POLICE OFFICER JOSE ROMAN, POLICE OFFICER ALFONSE JOHNSON AND POLICE OFFICER CLAUDIA MCDONALD'S PRETRIAL MEMORANDUM**

Pursuant to this Court's Order of February 18, 2004, Defendants, by and through undersigned counsel, hereby file this Request for Findings of Fact and Conclusions of Law.

**I.  FINDINGS OF FACT**

On February 6, 2002, Plaintiff Corey White was in the area of 60th and Greenway in Philadelphia when he was spotted by Defendants, who were on assigned patrol in two vehicles, and were dressed in plainclothes. Plaintiff had been wanted in connection with a reported burglary at 1900 S. Redfield on or about January 30, 2002, in which he had fled from law enforcement on the scene.

As Defendant Police Officer Michael Iannacone exited his vehicle, Plaintiff proceeded to flee. Officer Iannacone identified himself as police, ordered Plaintiff to stop, and gave chase to Plaintiff. As Plaintiff was fleeing from Officer Iannacone, he took off the clothes above his waist and ran bare chested. Defendant Police Officer Eric Blocker then exited his vehicle and trailed behind the latter officer. Plaintiff then attempted to enter the rear yard of 2039 Salford Street. Officer Iannacone attempted to hold Plaintiff to prevent him from entering the yard; however, Plaintiff turned and punched Officer Iannacone, and entered the yard. Officer Iannacone then followed in order to apprehend Plaintiff. As Officer Iannacone approached Plaintiff in the yard, Plaintiff raised his fists in a fighting stance and proceeded to

1

punch Officer Iannacone several times, who attempted to block the punches and also struck Plaintiff. Officer Iannacone then attempted to restrain Plaintiff and both fell to the ground and continued struggling. At no point did Officer Iannacone pick up a shovel or hit Plaintiff with a shovel.

Officer Blocker arrived soon thereafter and attempted to handcuff Plaintiff with Officer Iannacone, but Plaintiff resisted and broke free from both officers, pushing them aside. At no point did Officer Blocker draw his sidearm throughout this encounter.

Plaintiff then ran from the yard. Police Officers Jose Roman, Alfonse Johnson and Claudia McDonald were in their vehicles and drove around the block in an attempt to outflank Plaintiff. Officer Roman then drove up near the yard and then exited his vehicle and attempted to restrain Plaintiff and was able to bring him to the ground. Police Officers Iannacone, Roman, Blocker and Johnson, who had then exited his vehicle, eventually were able to handcuff Plaintiff, who continued resisting and flailing his arms in order to avoid being handcuffed. Police Officer McDonald did not make any physical contact with Plaintiff; while Plaintiff was resisting handcuffing by Police Officers Iannacone, Roman, Blocker and Johnson, she repeatedly ordered Plaintiff to stop resisting.

Plaintiff does not challenge the lawfulness of the arrest. Plaintiff in fact pled guilty to resisting arrest and two counts of simple assault arising out of this incident. Plaintiff incidentally also had an outstanding parole violation prior to his February 6, 2002 arrest.

## II.   CONCLUSIONS OF LAW

### A. Plaintiff Cannot Prove That Defendants Used Excessive Force Against Him

42 U.S.C. § 1983 states, in pertinent part:

> Every person who, under color or any statute, ordinance, regulation, custom, or usage of any State or Territory . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law….

Generally, in order for a plaintiff to be able to recover damages under 42 U.S.C. § 1983, the plaintiff must prove by a preponderance of the evidence prove that the defendant knowingly deprived him of his rights, that when the plaintiff was deprived of his rights, the defendant was acting under the color of

state law, that the defendant was responsible for actions of which the plaintiff complains, and that the actions complained of were the proximate cause of damage to the plaintiff. City of Oklahoma v. Tuttle, 471 U.S. 808, 105 S. Ct. 2427 (1985).

More specifically, claims of excessive force must be analyzed under the reasonableness standard of the Fourth Amendment. Graham v. Connor, 490 U. S. 386 (1989). This is because when an "excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons ... against unreasonable ... seizures' of the person." Sharrar v. Felsing, 128 F.3d 810, 820 (3d Cir. 1997) (citing Graham v. Connor, 490 U.S. 386, 394 (1989)).

Thus, a police officer has the inherent right to use force to effectuate the arrest of persons suspected of a crime; therefore, the particular use of force in this case must be "judged from the perspective of a reasonable officer on the scene... not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment." Graham, 490 U.S. at 396 (1989).

The analysis of the reasonableness of the force used is an objective one, and therefore the finder of fact must consider all the circumstances of the case, including, among other things: the severity of the crime; whether the suspect poses an immediate threat to the safety of the officers or others, and whether the individual seized is resisting arrest or attempting to evade arrest. Graham, 490 U.S. at 397. Thus, the consideration of the reasonableness of the force used must be undertaken "without regard to [the officers'] underlying intent or motivation." Graham, 490 U.S. at 397. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene and its calculus must embody an allowance for the fact that police officers are often forced to make split second decisions about the amount of force necessary in a particular situation. Graham, 490 U.S. 386 (1989).

Moreover, under Pennsylvania law, an officer need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest, but is justified in the use of any force which he believes to be necessary to effect the arrest and of any force which he believes to be

3

necessary to defend himself or another from bodily harm while making the arrest. 18 Pa. Cons. Stat. Ann. § 508; see Belcher v. U.S., 511 F. Supp. 476, 484, 485 (E.D. Pa.1981).

In the case at bar, Defendants used only reasonable force in restraining and arresting Plaintiff. When Officer Iannacone exited his vehicle, identified himself as police and approached Plaintiff, Plaintiff fled, taking off his clothes above the waist. Plaintiff then attempted to run into the backyard of 2039 Salford Street. Officer Iannacone held Plaintiff to restrain him; then, Plaintiff turned and punched Officer Iannacone. In the rear yard, Plaintiff then raised his fists in a fighting stance and punched Officer Iannacone, who blocked some the punches and also struck Plaintiff back. Officer Iannacone then attempted to hold Plaintiff, and both fell to the ground. Officer Blocker, arriving soon thereafter, attempted to restrain Plaintiff and handcuff him, but Plaintiff broke free and ran away. Officer Roman then accosted Plaintiff outside of the yard, and brought Plaintiff to the ground. Plaintiff was then finally subdued and handcuffed after Officers Roman, Johnson, Iannacone and Blocker were able to control Plaintiff's flailing arms and legs. Officer McDonald continually instructed Plaintiff to stop resisting while Plaintiff was on the ground, but to little or no avail.

Additionally, Plaintiff pled guilty to resisting arrest and two counts of simple assault – one with regards to Officer Iannacone, and the other with regards to Officer Blocker, arising out of this incident.[1] Clearly, given that Plaintiff fled the officers, resisted their attempts at apprehending them, fought with the officers, and then later pled guilty to resisting arrest and two counts of simple assault, Defendants used reasonable force under the circumstances.[2]

---

[1] Operative facts necessary for criminal convictions are admissible as conclusive facts in civil suits arising from the same events and circumstances. DiJospeh v. Vuotto, 968 F.Supp. 244, 247 (E.D. Pa. 1997) (citing Folino v. Young, 568 A.2d 171, 172 (Pa. 1990)); see also Commonwealth v. Mitchell, 535 A.2d 581, 585 (Pa. 1987) ("criminal conviction[s] may be used to establish the operative facts in a subsequent civil case based on those same facts").

[2] Under Pennsylvania law, a simple assault is defined as, inter alia, attempting to cause or intentionally, knowingly or recklessly causes bodily injury to another; attempting by physical menace to put another in fear of imminent serious bodily injury. 18 Pa. Cons. Stat. Ann. § 2701. Resisting arrest is defined as where a person with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance. 18 Pa. Cons. Stat. Ann. § 5104.

**B.  Plaintiff Cannot Prove Defendants Are Liable for Assault and Battery**

An assault is an intentional attempt by force to do an injury to the person of another, and a battery is committed where a person intentionally makes a harmful or offensive contact with another.  <u>Renk v. City of Pittsburgh</u>, 641 A.2d 289, 293 (Pa. 1994); <u>Cucinotti v. Ortmann</u>, 159 A.2d 216 (Pa. 1960).

Moreover, a police officer may use reasonable force to prevent interference with the exercise of his authority or the performance of his duty.  In making a lawful arrest, a police officer may use such force as is necessary under the circumstances to effectuate the arrest.  The reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery.  <u>Renk v. City of Pittsburgh</u>, 641 A.2d 289, 293 (Pa. 1994).

Moreover, under the Pennsylvania Political Subdivision Tort Claims Act, employees of a local agency, including the Defendants in this matter, are protected from tort and other civil claims essentially to the same extent as the local agency that employs them.  42 Pa. Cons. Stat. Ann. § 8545 (West 1999).  However, where it is demonstrated that an employee's act amounted to a crime, actual fraud, actual malice or willful misconduct, a plaintiff may properly state a claim against that employee and Section 8545 does not apply.  42 Pa. Cons. Stat. Ann. § 8550 (West 1999).  Willful misconduct is defined as "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied."  <u>Fullard v. City of Philadelphia</u>, No. CIV. A. 95-4949, 1996 WL 195388 (E.D. Pa. April 22, 1996); <u>Renk v. City of Pittsburgh</u>, 641 A.2d 289, 293 (Pa. 1994).  Therefore, in addition to the elements of each claim against Defendants, Plaintiff must establish that Defendants' actions constituted willful misconduct.   42 Pa. Cons. Stat. Ann. § 8550.

For the reasons set forth in Part II.A, <u>supra</u>, Defendants used reasonable force under the circumstances to effectuate the lawful arrest of Plaintiff; thus, there is no willful misconduct on the part of Defendants, and therefore they cannot be held liable for assault and battery.

**C. Plaintiff Cannot Prove Defendants Are Liable for Bystander Liability**

Where a police officer fails or refuses to intervene when a constitutional violation, such as an unprovoked beating, takes place in his presence, the officer may be held liable under section 1983. McGonagle v. Bensalem Tp., No. CIV.A. 97-3873, 1997 WL 765665, at *5 (E.D.Pa. Dec. 11, 1997). More specifically, if a police officer is present when another officer violates a citizen's constitutional rights, the first officer is liable under section 1983 if "that officer had reason to know that excessive force was being used ... and that officer had a realistic opportunity to intervene and prevent the harm from occurring." Id. (citing Jackson v. Mills, No.CIV.A.96-3751, 1997 WL 570905, at *5 (E.D. Pa. Sept. 4, 1997)).

For the reasons set forth Part II.A and B, supra, Plaintiff cannot prove a bystander liability action against Defendants.

**D. Plaintiff Cannot Prove Defendants Are Liable for Conspiracy**

"A claim for civil conspiracy has three essential elements: (i) two or more persons; (ii) combined or agreed; (iii) with the intent to do an unlawful act or to do an otherwise lawful act by unlawful means." Scully v. U.S. WATS, Inc., 238 F.3d 497, 516 (3d Cir. 2001). In addition, proof of malice is required in a successful conspiracy claim. Levin v. Upp Makefield Tp., No. CIV.A. 99-CV-5313, 2003 WL 21652301, at *11 (E.D. Pa. Feb. 25, 2003) (citing Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979)). Moreover, "since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather it is a means for establishing vicarious liability for the underlying tort." Id. (citing Beck v. Prupis, 529 U.S. 494, 502 (2000) and Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 407 (3d Cir. 2000).

In the case at bar, Plaintiff cannot prove that conspiracy existed, since there is no proof that Defendants combined or agreed to commit any unlawful acts against Plaintiff. Moreover, for the reasons set forth in Part II.A through C, supra, since Plaintiff cannot prove Defendants are for excessive force, assault and battery, or bystander liability, Defendants cannot then be held liable for conspiracy.

### E. Plaintiff Is Not Entitled to An Award of Damages

Under 42 U.S.C. § 1983, Plaintiff is only entitled to those actual or compensatory damages substantially caused by the actions of the defendant. See Memphis Community School District v. Strachura, 477 U.S. 299 (1986). The purpose of actual/compensatory damages is to compensate the plaintiff for the specific wrong, not to deter future violations of his civil rights. See Carey v. Piphus, 435 U.S. 247 (1978).

A finding of a direct causal link, or proximate cause must support any award for actual/compensatory damages. Proximate cause may be defined as that which in a natural and continuous sequence, unbroken by an intervening cause, produces the injury, and without which the result would not have occurred." Taylor v. Allis Chalmers Manufacturing Company, 320 F.Supp. 1381, 1388 (E.D. Pa. 1969), aff'd, 437 F.2d 416 (3rd Cir. 1970).

Moreover, damages must be reasonable. If the finder of fact should find that Plaintiff is entitled to a verdict, damages may only be awarded as will reasonably compensate him for such injury and damage, from a preponderance of the evidence in the case, that he has sustained as a proximate result of the incident.

The finder of fact is not permitted to award speculative damages, or damages based on emotion, or include in any verdict compensation for any prospective loss, which, although possible, is not reasonably certain to occur in the future. 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 85.14 (4th Ed. 1987).

Additionally, the finder of fact should not award damages for any injury or condition from which Plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the incident in question. 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, §85.15 (4th Ed. 1987).

Moreover, Plaintiff is only entitled to punitive damages under 42 U.S.C. § 1983 if it is found that the action of Defendants were deliberate or willful, or made in reckless disregard of the plaintiff's rights.

See Smith v. Wade, 461 U.S. 30 (1983); Adickes v. S.H. Kress and Co., 398 U.S. 44 (1970); Cochetti v. Desmond, 572 F.2d 102 (3d Cir. 1978).

For the reasons set forth in Part II.A through D, supra, Plaintiff is not entitled to an award of damages, compensatory or otherwise.

**DATE:**    May 24, 2004          **BY:**    _____
                                              Peter D. Han
                                              Assistant City Solicitor

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                            )
**COREY WHITE,**                    )        **CIVIL ACTION**
      **Plaintiff,**           )
                                            )        **NO. 02-4066**
  **v.**                                )
                                            )
**POLICE OFFICER BLOCKER, et al.**   )
      **Defendants.**        )
_____)


**CERTIFICATE OF SERVICE**

      I, Peter D. Han, do hereby certify that service of a true and correct copy of the Defendants' Request for Findings of Fact and Conclusions of Law has been served upon the following individuals by regular mail, on the date below.

**TO:**      Teri B. Himebaugh, Esq.
             220 Stallion Lane
             Schwenksville, PA 19473
             Attorney for Plaintiff


**DATE:**   May 24, 2004        **BY:**   _____
                                                                    Peter D. Han
                                                                    Assistant City Solicitor
                                                                    Attorney for Defendants